UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WYNDHAM VACATION RESORTS, INC. and WYNDHAM RESORT DEVELOPMENT CORPORATION,**

    **Plaintiffs,**

v.                                           Case No: 6:21-cv-2106-CEM-DCI

**WESLEY FINANCIAL GROUP, LLC, WESLEY CREDIT REPAIR, LLC and CHARLES WILLIAM MCDOWELL, III,**

    **Defendants.**

## ORDER

On November 21, 2022, Defendants filed their answer to Plaintiffs' complaint. Doc. 85 (the Answer). The Answer included, as relevant here, various affirmative defenses as well as a counterclaim and third-party complaint. *Id.* On December 12, 2022—exactly 21 days after the Answer was filed—Plaintiffs filed a motion to strike Defendants' affirmative defenses. Doc. 106. That motion to strike was denied without prejudice for failure to comply with Local Rule 3.01(g), which "requires conferral in good faith in an attempt to resolve a dispute, not a pro forma attempt to confer once a 25-page motion is drafted and ready for filing." Doc. 107. On December 14, 2022—23 days after the Answer was filed—Plaintiffs filed the instant motion to strike Defendants' affirmative defenses. Doc. 108 (the Motion).

In response to the Motion, Defendants assert that the Motion is untimely under Federal Rule of Civil Procedure 12(f). The Court agrees. Rule 12(f) plainly required that Plaintiffs file the Motion "within 21 days after being served with the [Answer]." Plaintiffs filed the Motion

twenty-three days after the Answer was filed.[1] So, the Motion is due to be denied as untimely. *See MSPA Claims 1, LLC v. Covington Specialty Ins. Co.*, 2021 WL 1390371, at *2 (S.D. Fla. Apr. 13, 2021) (denying motion to strike affirmative defenses as untimely) (citations omitted).

Plaintiffs contend that the Motion was timely. First, Plaintiffs attempt to recast the Court's prior Order where the Court granted an extension for Plaintiffs to "respond to the [] Counterclaim/Third-Party Complaint by 1/6/2023." Doc. 105. Plaintiffs now contend that in doing so, the Court also granted Plaintiffs an extension to file a motion to strike under Rule 12(f). The Court did not. To be sure, Plaintiffs made no request vis-à-vis Rule 12(f) in their motion for an extension. Doc. 104 (the Motion to Extend). It bears quoting portions of Plaintiffs' Motion to Extend:

> [Plaintiffs] respectfully file this unopposed motion for an extension of time for an additional twenty-five (25) days to file **a response** to Defendants . . . Answer, Affirmative Defenses, Counterclaim, and Third-Party Complaint (**the "Counterclaim"**)
>
> . . .
>
> [Plaintiffs] require additional time to review the factual allegations and prepare **a Response**. Wyndham previously consented to a **similar extension for Wesley to file responsive pleadings to Wyndham's Complaint** following the denial of Wesley's Motion to Dismiss [DE 76], which was granted by the Court [DE 77].
>
> . . .
>
> [Plaintiffs] hereby request an additional twenty-five (25) days, up to and including January 6, 2023, **to respond** to Wesley's **Answer, Counterclaim, and Third-Party Complaint**.
>
> . . .
>
> [T]his Motion is being filed so that the undersigned counsel can adequately prepare **the appropriate response** to Wesley's **Answer, Counterclaim, and Third-Party Complaint**.

---

[1] Plaintiffs' counsel of record received notice through the Court's CM/ECF system when the Answer was filed.

> . . .
>
> [Plaintiffs] respectfully request that this Court, for good cause shown, grant their Motion for Extension of time, **extend the deadline for [Plaintiffs] to respond to Wesley's Answer, Counterclaim, and Third-Party Complaint** until January 6, 2023[.]

Doc. 104 at 2–3 (emphasis added).

It is clear from Plaintiffs' repeated uses of "response" and "respond" that Plaintiffs only requested an extension to file a response to Defendants' counterclaim. Doc. 104 at 2–3; *see* Fed. R. Civ. P. 12(a)(1)(B). Further, in the Motion to Extend, Plaintiffs even specifically noted another "similar extension," Doc. 104 at 2, that the Court previously granted allowing Defendants additional time to "*respond to the Complaint*." Doc. 77. The Motion to Extend did not encompass a motion to strike, because a motion to strike is not a response to an answer—there is no response to an answer unless the Court orders one. *See* Fed. R. Civ. P. 7(a)(7); 12(a)(1)(C). And while the Court notes that Plaintiffs did perfunctorily mention affirmative defenses in the Motion to Extend, Plaintiffs requested no relief vis-à-vis the affirmative defenses, a forthcoming motion to strike, or Rule 12(f). In sum, Plaintiffs did not request an extension to file a motion to strike in the Motion to Extend, and it follows that the Court granted no such extension.

Plaintiffs move on to say that the Court "invited Wyndham to refile [the Motion] upon the completion of the conferral as the [first motion to strike] was denied 'without prejudice.'" Doc. 119. The Court made no such invitation. To the extent it needs to be said, Plaintiffs' failure to comply with the Court's Local Rules did not implicitly and indefinitely toll the 21-day deadline under Rule 12(f); under Plaintiffs' convoluted logic, their violation of the Local Rule somehow tolled the deadline contained within the Federal Rules of Civil Procedure. The Court's denial without prejudice of the first motion to strike did not completely foreclose a refiled motion to

strike, if, for instance, Plaintiffs thereafter requested and received an extension of time to do so. But they did not. The Court's denial without prejudice of Plaintiff's first motion to strike does not make the Motion timely.

Finally, Plaintiffs' attempt to pass the buck to Defendants—going so far as to accuse Defendants of sanctionable conduct—is without merit. Doc. 119 at 2. Plaintiffs assert that Defendants refused to confer on the Motion prior to December 14, 2022. Plaintiffs assert that Defendants "engaged in purposeful evasion of the meet and confer before December 12 despite three (3) separate requests and then used other dilatory tactics to delay the conferral by two (2) additional days." Doc. 119 at 2. Plaintiffs attach various email communications between the parties purportedly supporting this assertion. Let's review them.

On December 9, 2022, a Friday at 4:28 P.M., Plaintiffs' counsel sent the following email:

> As you know, earlier this week, Wyndham filed an unopposed motion for **extension of time to respond to the Counterclaim and Third Party Claim** in the Wesley litigation, but as of now, the Court has not acted on that unopposed motion. In an abundance of caution, it appears we may need to schedule time to confer in accordance with Local Rule 3.01(g) **concerning possible motions to dismiss** directed to Wesley's latest filings.

Doc. 119-1 at 3 (emphasis added). Notably absent from this email is any mention of a motion to strike or of affirmative defenses, further solidifying the Court's finding that the Motion to Extend did not encompass a motion to strike. Indeed, Plaintiffs characterized their own Motion to Extend as applying only to "the Counterclaim and Third Party Claim" and stated that they may need to confer concerning "possible motions to dismiss." *Id.* There is no mention of affirmative defenses or a motion to strike, so the Court does not find that Plaintiffs requested to confer on a motion to strike on December 9, 2022. The Court also notes that this request to confer became moot when the Court granted the Motion to Extend on December 11, 2022. Doc. 105.

The first mention of a motion to strike came on December 12, 2022, the following Monday at 1:57 P.M., where Plaintiffs' counsel wrote:

> Additionally, we intend to file a Motion to Strike today directed to certain of the Affirmative Defenses. Travis Brown is available if you are able to confer.

Doc. 119-1 at 2. Again, December 12, 2022 was 21 days after the Answer was filed. So, based on Plaintiffs' own submissions, they did not seek to confer on a motion to strike until 1:57 P.M. on the day that motion was due—further reinforcing the Court's suspicion that this was a "pro forma attempt to confer once a 25-page motion [was] drafted and ready for filing." Doc. 107. To the extent Plaintiffs complain that Defendants were not immediately available to confer on a motion the afternoon of the day that motion was due, the Court finds that argument unpersuasive. And because the Court denied Plaintiffs' first motion to strike on December 13, 2022, even if Defendants were available to confer on December 13, 2022 (as opposed to on December 14, 2022, when the parties did confer) the Motion would have still been untimely.

On this record, the Court finds no sanctionable conduct on Defendants' part. The Court cautions all parties against throwing the stones of unsupported accusations of sanctionable conduct. Doc. 119; *see* Fed. R. Civ. P. 11.

In conclusion, the Motion is untimely. Plaintiffs have identified no justification for this untimeliness. And the Court sees no reason—nor have Plaintiffs advanced any reason—for the Court to exercise its discretion under Rule 12(f) to strike any affirmative defenses. Accordingly, for the foregoing reasons, it is hereby **ORDERED** that the Motion (Doc. 108) is **DENIED**.

**ORDERED** in Orlando, Florida on January 20, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE